UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDUARDO DEJESUS SALERMO,

    Plaintiff,

v.                                            CASE No. 8:18-cv-979-TGW

ANDREW M. SAUL,
Commissioner of Social Security,[1]

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[2] Because the Administrative Law Judge did not fulfil his duty under Social Security Ruling (S.S.R.) 00-4p to investigate, and resolve with an explanation, an apparent inconsistency between the testimony of a vocational expert and the Dictionary of Occupational Titles (DOT), the

---

[1]Andrew M. Saul became the Commissioner of Social Security on June 17, 2019, and should be substituted as the defendant. See Fed. R. Civ. P. 25(d).

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 10).

decision of the Commissioner of Social Security will be reversed and the matter remanded for further proceedings.

I.

The plaintiff, who was forty-nine years old at the time of the administrative hearing and who has a high school education (Tr. 41-42), has worked as a produce clerk, toll collector, shipping and receiving clerk, security guard, order picker, and cashier (Tr. 51). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled on March 31, 2013 (Doc. 1, p. 1; Tr. 16), due to depression, anxiety, chronic fatigue syndrome, and a heart attack (Tr. 42). The claims were denied initially and upon reconsideration (Tr. 16).

The plaintiff, at his request, then received a de novo hearing before an administrative law judge (Tr. 39-57). The law judge found that the plaintiff has the following severe impairments: history of myocardial infarction, arteriosclerotic cardiovascular disease, cardiomyopathy, dyslipidemia, diabetes mellitus, Alzheimer's disease, bipolar disorder, major depressive disorder, panic disorder, social anxiety disorder, and cognitive

disorder (Tr. 18). In light of those impairments, the law judge determined (Tr. 19):

> the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he would have been able to lift and/or carry 20 pounds occasionally, 10 pounds frequently; stand and/or walk for 4 hours in an 8 hour day; sit for 4 hours in an 8 hour day; require a sit stand option with an alternating interval of 30 to 60 minutes; occasional pushing and/or pulling with the upper extremities, climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; avoid climbing ladders and scaffolds; frequent reaching waist to chest with both arms, reaching above shoulder level with both arms, handling with both hands, fingering with both hands, and feeling; frequent work around extreme cold, extreme heat, wetness and humidity, vibration, and pulmonary irritants; occasional work around moving mechanical parts; no work around high, exposed places; able to perform simple, routine, repetitive tasks; able to understand, remember, and carry out simple instructions, limited to work that requires occasional changes in the work setting; limited to work that requires occasional interaction with the public, coworkers, and supervisors, unable to meet fast paced, high production demands.

The law judge concluded that, with these limitations, the plaintiff was unable to perform any past relevant work (Tr. 25). The claimant's age category was

found to have changed on March 31, 2017, from "a younger individual age 45-49" to "an individual closely approaching advanced age" (Tr. 25). Prior to the age category change, the law judge determined, based on the testimony of a vocational expert, the plaintiff could perform other jobs that exist in significant numbers in the national economy, such as addresser, lens inserter, and zipper joiner (Tr. 26). However, after the age category change as of March 31, 2017, the law judge found "there are no jobs that exist in significant numbers in the national economy that the claimant could perform" (Tr. 26). Accordingly, the law judge decided that the plaintiff was disabled beginning on March 31, 2017 (id.), but not beginning on March 31, 2013, the date that the plaintiff alleged he became disabled. The Appeals Council let the decision of the law judge stand as the final decision (Tr. 1).

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A),

1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the

witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on three grounds: (1) "The ALJ failed to properly consider and weigh the opinions of various doctors in the record"[3] (Doc. 14, p. 11-12); (2) "The ALJ failed to

---

[3]The plaintiff stated a long, convoluted issue at the beginning of his memorandum (Doc. 14, p. 1), which has been disregarded in favor of the less convoluted statement at the beginning of the argument section (id. at p. 11).

perform a proper psychiatric review technique analysis as required by law" (id. at p. 16); and (3) "The ALJ reached an improper conclusion at step five as the requirements of jobs the ALJ found the plaintiff could perform require dealing with detailed tasks and the ALJ limited the plaintiff to performing simple, routine, repetitive tasks and to understanding, remembering, and carrying out simple instructions" (id. at p. 20).[4]

The plaintiff's last argument raises the question whether a claimant who is limited to simple, routine, repetitive tasks can perform jobs that the DOT states requires the ability to engage in work that involves reasoning level 2. In the past, courts have disagreed on that issue, as the memoranda from the parties reflect. Thus, the plaintiff cites cases holding that there is an inconsistency between the limitation to simple work and the ability to perform work at reasoning level 2 (Doc. 14, pp. 20–23). On the other hand, the Commissioner cites cases holding there is no conflict between simple, routine work and reasoning level 2, including an unpublished

---

[4]In light of the Scheduling Order and Memorandum Requirements, any other challenge is deemed forfeited (Doc. 15, p. 2). See also Sanchez v. Commissioner of Social Security, 507 Fed. Appx. 855 n.1 (11th Cir. 2013) (the plaintiff waived any challenge to the law judge's determination that was not adequately raised).

Eleventh Circuit decision, Hurtado v. Commissioner of Social Security, 425 Fed. Appx. 793 (11th Cir. 2011) (Doc. 22, pp. 14–15). The force of these cases, however, must yield — at least in this Circuit — in the face of the Eleventh Circuit's recent decision in Washington v. Commissioner of Social Security, 906 F.3d 1353 (11th Cir. 2018), which dramatically changed the analysis of these issues.

In Washington, which construed S.S.R. 00-4p, 2000 WL 1898704 (S.S.A.), the Court held (906 F.3d at 1356):

> [T]he ALJs within the SSA have an affirmative duty to identify apparent conflicts between the testimony of a Vocational Expert and the DOT and resolve them. This duty requires more of the ALJ than simply asking the VE whether his testimony is consistent with the DOT. Once the conflict has been identified, the Ruling requires the ALJ to offer a reasonable explanation for the discrepancy, and detail in his decision how he has resolved the conflict.

The Court explained further (906 F.3d at 1362-63):

> This language [of SSR 00-4p] places the burden squarely on the ALJ to determine whether there are any conflicts.... Further, the Ruling does not cabin this duty with any language suggesting that it is limited to conflicts the ALJ is put on notice of by the claimant or by the VE. Rather, by the terms of

the Ruling's statement of purpose, the ALJ's duty
is defined in an expansive manner.

As set forth in Washington, the binding law of the Eleventh Circuit now is "that SSR 00-4p imposes an independent, affirmative obligation on the part of the ALJ to undertake a meaningful investigatory effort to uncover apparent conflicts, beyond merely asking the VE if there is one." 906 F.3d at 1364. The law judge here clearly failed to carry out that duty.

Thus, as is typical, the law judge simply asked the expert, "And is your testimony consistent with the Dictionary of Occupational Titles?" (Tr. 54). The expert responded (id.):

> It does comply with the DOT and SCO, where I did defer [sic] from it was the interaction with the public, coworkers, supervisors, and sit/stand option, and the no fast pace, no pace work. That information I had to use my work experience and education, other publications and job analysis to provide testimony today.

And, as is usual, the law judge stated: "Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is

consistent with the information contained in the Dictionary of Occupational Titles" (Tr. 26).

The plaintiff, however, has pointed out an apparent conflict between the expert's testimony and the DOT that the law judge needed to identify and resolve. In this respect, the expert, in response to a hypothetical question that limited the plaintiff to, among other things, simple, routine, repetitive tasks (Tr. 52), opined that the individual could perform work as an addresser, lens inserter, and zipper joiner (Tr. 53). The law judge found that the plaintiff could perform those jobs (Tr. 26) and, accordingly, decided that the plaintiff was not disabled.

The plaintiff, however, points out that in the DOT all three of those jobs require a reasoning level 2, and argues that reasoning level 2 apparently conflicts with the limitation to simple, routine, and repetitive work that the expert was told to consider in rendering his opinion. Reasoning level 2 requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." DOT, Appendix C - Components of the Definition Trailer, 1991 WL 688702. In

contrast, the DOT explains that reasoning level 1 requires the ability to "apply commonsense understanding to carry out simple one- or two-step instructions" (id.).

Under Washington, the issue is not whether there is a conflict between a limitation to simple, routine, repetitive work and jobs that the DOT states require level 2 reasoning. Rather, the issue is whether there is an apparent conflict between those two.

In Washington, the Court stated (906 F.3d. at 1366):

> "[A]pparent" should be taken to mean apparent to an ALJ who has ready access to and a close familiarity with the DOT. Put another way, if a conflict is reasonably ascertainable or evident, the ALJ is required to identify it, ask about it, and resolve it in his opinion. We take the word "apparent" to mean "seeming real or true, but not necessarily so."

The DOT states that, unlike reasoning level 1, reasoning level 2 requires the ability to carry out detailed instructions. That appears to be inconsistent with simple work. Recently, four judges in this district — five, counting me — have come to that conclusion.

In Saffioti v. Commissioner of Social Security, Case No. 2:17-cv-143-FTM-29CM, 2019 WL 1513354 (M.D. Fla.), United States Magistrate Judge Carol Mirando was presented with a situation in which the law judge limited the plaintiff to simple and routine tasks and short and simple work instructions, and the expert identified work from the DOT that had a reasoning level 2. Judge Mirando concluded that that circumstance created an apparent conflict between the expert's testimony and the DOT, so that in light of Washington, the law judge had the duty to identify that conflict and resolve it. Because the law judge had not carried out that duty, she recommended that the decision be reversed.

The Commissioner objected to the Report and Recommendation. United States District Judge John E. Steele overruled that objection. He agreed with Judge Mirando that there was a conflict between the DOT and the testimony of the vocational expert. Id. at *3. He pointed out that, under Washington, the law judge had an obligation to identify the conflict and resolve it. Id. He concluded that because the law judge did not discuss or acknowledge the conflict in his decision, a remand was required. Id.

Similarly, in <u>Alminde</u> v. <u>Saul</u>, Case No. 8:18-cv-746-T-33CPT, United States Magistrate Judge Christopher P. Tuite concluded that the law judge had failed in his duty to identify and resolve a conflict between a limitation to simple, routine, repetitive work and jobs identified by the vocational expert that included work that, according to the DOT, requires reasoning level 2. Judge Tuite therefore recommended that the decision be reversed.

The Commissioner objected to the Report and Recommendation. However, United States District Judge Virginia M. Hernandez Covington overruled the objection and reversed the Commissioner's decision.

In light of these judicial conclusions, there is in this case at least an "apparent" conflict — as that term is defined in <u>Washington</u> — between the limitation to simple, routine, repetitive tasks and the vocational expert's identification of jobs that the DOT states requires a reasoning level 2. Therefore, the law judge was obligated to identify that conflict and resolve it. Because he failed to do that, the decision must be reversed and remanded.

It is appropriate to add that there is uncertainty whether reasoning levels 2 and 3 are inconsistent with a restriction to simple work.

Accordingly, the Commissioner could clarify this area by appealing one of those decisions. The overburdened law judges in this area were blindsided by Washington's new mandate, in light of the prior decision in Jones v. Apfel, 190 F.3d 1224, 1229-30, that the testimony of a vocational expert "trumps" the DOT when the two are in conflict. I expect that there are a number of cases in the pipeline that present this issue involving reasoning level 2 or 3.

Finally, the plaintiff's other two contentions will be pretermitted since on remand a new decision will be rendered.

It is, therefore, upon consideration,

ORDERED:

That, to the extent the decision of the Commissioner is unfavorable, the decision is hereby **REVERSED** and the matter **REMANDED** for further proceedings. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 19th day of September, 2019.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE